UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No. CR-08-045-JLQ |
| Plaintiff, | ) | |
| | ) | ORDER GRANTING DEFENDANT'S |
| v. | ) | MOTION, SETTING CONDITIONS |
| | ) | OF RELEASE, AND SETTING |
| JESUS JIMENEZ, | ) | STATUS CONFERENCE |
| Defendant. | ) | |

At the May 30, 2008, hearing on Defendant's Motion for Reconsideration, counsel Mark Vovos appeared with Defendant; Assistant U.S. Attorney Aine Ahmed represented the United States.

**IT IS ORDERED** the Defendant's Motion **(Ct. Rec. 27)** is **GRANTED.** Defendant's release is subject to the following conditions:

1. The Defendant shall participate in a program of electronically monitored home confinement. The Defendant shall wear, at all times, an electronic monitoring device under the supervision of U.S. Probation. In the event the Defendant does not respond to electronic monitoring or cannot be found, U.S. Probation Officers shall forthwith notify the United States Marshals' Service, who shall immediately find, arrest and detain the Defendant. The Defendant shall be responsible for all costs of electronic monitoring. **Except for court-related matters, substance abuse counseling, and 1½ hours each week for attendance at spiritual services, Defendant shall remain under home detention.**

ORDER GRANTING DEFENDANT'S MOTION, SETTING CONDITIONS OF RELEASE, AND SETTING STATUS CONFERENCE -- 1

2. Defendant shall not commit any offense in violation of federal, state or local law. Defendant shall advise his supervising Pretrial Services Officer and his attorney within one business day of any charge, arrest, or contact with law enforcement.

3. Defendant shall advise the court and the United States Attorney in writing before any change in address.

4. Defendant shall appear at all proceedings and surrender as directed for service of any sentence imposed.

5. Defendant shall sign and complete form A.O. 199C before being released and shall reside at the address furnished.

6. Defendant shall remain in the Eastern District of Washington while the case is pending. On a showing of necessity, Defendant may obtain prior written permission to leave this area from the United States Probation Office.

7. Defendant shall not possess a firearm, destructive device or other dangerous weapon.

8. Defendant is further advised, pursuant to 18 U.S.C. § 922(n), it is unlawful for any person who is under indictment for a crime punishable by imprisonment for a term exceeding one year, to possess, ship or transport in interstate or foreign commerce any firearm or ammunition or receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce.

9. Defendant shall refrain from the use of alcohol, and the use or possession of a narcotic drug and other controlled substances defined in 21 U.S.C. § 802, unless prescribed by a licensed medical practitioner.

10. Defendant shall participate in intensive outpatient treatment. **Defendant's attendance at his treatment sessions shall**

ORDER GRANTING DEFENDANT'S MOTION, SETTING CONDITIONS OF RELEASE, AND SETTING STATUS CONFERENCE - 2

**start within two (2) days of his release, and he shall attend at least two substance abuse support meetings weekly, unless otherwise directed by Pretrial Services.** Defendant shall be responsible for the cost of testing, evaluation and treatment, unless the United States Probation Office should determine otherwise. The United States Probation Office shall also determine the time and place of testing and evaluation and the scope of treatment. If random urinalysis testing is not done through a treatment program, random urinalysis testing shall be conducted through Pretrial Services, and shall not exceed six (6) times per month. Full mutual releases shall be executed to permit communication between the court, Pretrial Services, and the treatment vendor.

11. **If Defendant fails in any way to comply or cooperate with the requirements of the outpatient treatment program, Pretrial Services and the parties are directed to notify the court. Treatment shall not interfere with the Defendant's court appearances.**

12. Defendant shall report to the United States Probation Office before or immediately after his release and shall report as often as they direct, at such times and in such manner as they direct. Defendant shall contact his attorney at least once a week.

13. Defendant shall post a $25,000 appearance bond.

14. **Defendant shall sign a copy of this Order, to be kept in Pretrial Services' file.**

**Defendant is advised a violation of any of the foregoing conditions of release may result in the immediate issuance of an arrest warrant, revocation of release and prosecution for contempt of court, which could result in imprisonment, a fine, or both.**

ORDER GRANTING DEFENDANT'S MOTION, SETTING CONDITIONS OF RELEASE, AND SETTING STATUS CONFERENCE - 3

1 **Specifically, Defendant is advised a separate offense is established**
2 **by the knowing failure to appear and an additional sentence may be**
3 **imposed for the commission of a crime while on this release.  In**
4 **this regard, any sentence imposed for these violations is**
5 **consecutive to any other sentence imposed.**
6     **IT IS FURTHER ORDERED** that a status conference is set for **June**
7 **12, 2008, at 11:00 a.m.** before the undersigned.
8     DATED May 30, 2008.

10                    S/ CYNTHIA IMBROGNO
                 UNITED STATES MAGISTRATE JUDGE

READ, UNDERSTOOD AND AGREED:

_____
JESUS JIMENEZ              Date

ORDER GRANTING DEFENDANT'S MOTION, SETTING CONDITIONS OF RELEASE,
AND SETTING STATUS CONFERENCE - 4